## The E. A. Baisley.

*(District Court, E. D. New York.* October 9, 1882.)

ADMIRALTY—SERVICES OF COOPER—PERFORMANCE ON REQUEST.

Where a vessel laden with sugar was discharged at quarantine in New York harbor, the master being sick and the mate temporarily in charge, and a master cooper thereafter libeled the vessel for services said to have been performed by one of his men in coopering casks on board, and the claimants of the vessel, in defense, undertook to show that the cooper was accidentally there, and was not employed by any one on behalf of the ship, *held,* that the facts proved—the presence of the cooper; that casks were necessarily coopered; that the mate who had charge brought the cooper there; and that a bill rendered for the work was not objected to by the mate, save one item, which was corrected,—were sufficient to warrant the conclusion that the mate directed the work to be done on behalf of the vessel with apparent authority, and that the cooper performed it at his request.

*Beebe, Wilcox & Hobbs,* for libelant.
*Benedict, Taft & Benedict,* for claimant.

BENEDICT, D. J. The necessity for the services of a cooper in behalf of the vessel is shown by the evidence that the lightermen refused to receive the cargo until the casks were coopered. The testimony to this fact is not contradicted. The presence of the cooper, Kippel, on board the vessel while the cargo was being delivered to the lighter is proved not only by the libelant's witnesses, but also by the claimant's witness Lewis; and it does not appear that Kippel had any business there unless it was to cooper the cargo. Two witnesses testify that the mate of the vessel employed Kippel to cooper the cargo before it left the vessel, and brought him to the vessel for that purpose. This testimony is not contradicted. The claimant's witness Lewis proves that the mate had charge of the delivery of the cargo to the lighters, showing that if the cargo required to be coopered the mate would naturally have been the man to order it. The mate is not called in behalf of the vessel, and his absence is not accounted for. Kippel made a demand of the libelant for labor performed by him in coopering this cargo, and he has been paid therefor by the libelant. When Lewis saw the bill of libelant for Kippel's labor and one empty cask, the only objection he made was to the item of the cask, and the bill was corrected in that particular. These facts compel the conclusion that the services sued for were rendered on board the vessel by Kippel, and that they were performed at the request of the mate, who had an apparent authority to contract therefor. The liability of the vessel follows, of course.

Upon the evidence the libelant can recover for four days at five dollars per day. There is no evidence as to the quantity or value of material furnished. Let the decree be for $20 and costs.